OPINION
{¶ 1} Appellants, James and Heather Harper, appeal a decision of the Preble County Court of Common Pleas, Probate Division, terminating their guardianship of Jared Smith. We affirm the decision of the trial court.
 {¶ 2} Jared is the biological child of appellee, Sarah Fahmy. Jared, who was born on April 26, 1991, and his sister, Aubrey, lived with their mother until late 1997. In December 1997, Jared and Aubrey began spending time with appellants. According to appellee, at that time she was struggling with mental and emotional problems. In August 1998, while in Indiana, appellee signed a document giving guardianship of Jared to appellants and guardianship of Aubrey to appellee's parents. Due to legal problems with the documents, appellee signed a second document in April 1999 that gave appellants guardianship of Jared through the Preble County Probate Court.
 {¶ 3} In July 2000, appellee was married and Aubrey was returned to her care. With the help of legal counsel, appellee sought visitation with Jared after her marriage. Problems arose between appellee and appellants regarding visitation, and appellee filed for termination of the guardianship on December 5, 2001. After a hearing, the trial court found that the guardianship was temporary and that good cause now existed for termination of the guardianship.
 {¶ 4} Appellants now appeal the trial court's termination of the guardianship and raise three assignments of error.
Assignment of Error No. 1
 {¶ 5} "THE TRIAL COURT ERRED IN NOT FINDING THAT APPELLEE HAD CONTRACTED AWAY CUSTODY OF HER MINOR CHILD AND THAT BY VIRTUE OF THAT CONTRACT AND THE CARE AND SUPPORT FURNISHED BY APPELLANTS FROM 1997 THROUGH 2001 AND THE CIRCUMSTANCES OF THIS CASE APPELLEE WAS ESTOPPED FROM DENYING THAT SHE HAD RELINQUISHED OR FORFEITED HER NATURAL RIGHT TO THE CUSTODY OF THE CHILD."
Assignment of Error No. 2
 {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLEE HAD NOT RELINQUISHED OR FORFEITED HER PERMANENT RIGHT TO CUSTODY AND NOT APPLYING THE TEST OF `THE BEST INTEREST OF THE CHILD' UNDER O.R.C. 3109.04."
Assignment of Error No. 3
 {¶ 7} "THE COURT ERRED IN FINDING THAT THERE WAS JUST CAUSE TO TERMINATE THE GUARDIANSHIP OF JARED SMITH."
 {¶ 8} Because appellants' assignments of error are interrelated, we will discuss them together. Appellants essentially argue that appellee forfeited her right to custody of Jared, that the guardianship was intended to be permanent, that it is in Jared's best interest to remain with appellants and that good cause did not exist to terminate the guardianship.
 {¶ 9} Generally, suitable parents have a "paramount right to custody of their minor children unless they forfeit that right by contract, abandonment or by becoming totally unable to care and support those children." In re Perales (1977), 52 Ohio St.2d 89. Appellants argue that appellee forfeited this right by contracting away her custody rights and by giving them permanent guardianship of Jared.
 {¶ 10} The proper legal analysis in this case turns on whether the guardianship was temporary or permanent. Where parents have surrendered only temporary custody of their children to third parties, the parents retain a paramount right to the custody of the child. However, when parents have given permanent custody of their children to nonparents, the Supreme Court has held that the best interest test of R.C. 3109.04(E)(1)(a) applies in determining the child's custody. Masitto v. Masitto (1986),22 Ohio St.3d 63, 66.
 {¶ 11} Whether or not a parent relinquishes rights to custody is a question of fact which, once determined, will be upheld on appeal if there is some reliable, credible evidence to support the finding. Id. This factual determination of the court is presumed correct because the trial judge is in the best position to view the witnesses and observe the demeanor, gestures and voice inflections so as to weigh the credibility of the presented testimony. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 12} In this case, the trial court found that the Indiana document did not constitute a contracting away of appellee's parental rights, that appellee's actions did not constitute abandonment and that the guardianship was temporary. After carefully reviewing the facts of this case, we find reliable, credible evidence to support the trial court's determination.
 {¶ 13} Appellee testified that she never intended to give up permanent custody of her children with either the Indiana agreement or the filing of the Ohio guardianship. Neither of these documents refer to the placement as permanent. The Indiana agreement provides for termination with mutual consent of the parties. In the same manner, the Ohio guardianship application signed by appellee does not indicate it is permanent. A letter sent to appellee by the Harpers' attorney along with the document stated that she has a "right to file an application with the court to assert the guardianship is no longer necessary."
 {¶ 14} In addition, the evidence at the hearing indicated that at the time appellee granted the guardianship, she was unable to care for herself or her children physically, emotionally or financially. There was evidence that appellee was told she needed to take care of herself and get her life together before she would be able to take care of the children. Appellee stated that she granted the guardianship for this reason. Although appellants argue that appellee abandoned Jared, there was competent, credible evidence that appellee was attempting to "get her life together" during this time and that she retained some contact with the child.
 {¶ 15} Accordingly, because there is reliable, credible evidence to support its decision, we find that the trial court did not err in finding that the guardianship was temporary, that appellee did not contract her rights away or that she did not abandon Jared. Because appellant did not forfeit her paramount right to custody, the trial court did not err by failing to apply the "best interests" test.
 {¶ 16} We now turn to the issue of whether "just cause" existed for the termination of appellants' guardianship of Jared. R.C. 2111.46
provides that "[w]hen a guardian has been appointed for a minor before such minor is over fourteen years of age, such guardian's power shall continue until the ward arrives at the age of majority, unless removed for good cause or unless such ward selects another suitable guardian."
 {¶ 17} The trial court found that good cause existed because appellee had a paramount right to custody of Jared and because the necessity for the guardianship no longer existed. We find these factors are sufficient to establish good cause, and that the record provides reliable, credible evidence to support the trial court's factual determination regarding these findings. The parties do not dispute that appellee is fit to assume custody. Since the time appellee granted the guardianship, she finished cosmetology school, became gainfully employed and married. She is no longer mentally or emotionally unstable and the reasons for granting the guardianship no longer exist. Accordingly, we find good cause existed for termination of the guardianship. Appellants' three assignments of error are overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.